UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>NH Attorney General</u>

    **v.**

<u>Bass Victory Committee</u>

Case No. 12-cv-170-PB
Opinion No. 2012 DNH 122

<u>MEMORANDUM AND ORDER</u>

The New Hampshire Attorney General ("the AG") filed an action
in state court against the Bass Victory Committee, the authorized
campaign committee of U.S. Congressman Charles Bass.  The AG
asserted a state cause of action, seeking statutory civil penalties
against the Bass Committee for engaging in "push-polling," as
defined in N.H. Rev. Stat. Ann. ("RSA") § 664:2, XVII, without
complying with the disclaimer requirements set out in RSA § 664:16-
a, I.  The Bass Committee removed the case to this court, and the AG
now requests that the matter be remanded to state court.  The
central question presented by the motion for remand is whether the
state claim is completely preempted by the Federal Election Campaign
Act ("the FECA" or "the Act"), 2 U.S.C. 431, *et. seq*.

## I.  <u>BACKGROUND</u>

In September 2010, the AG's office received information
regarding polling calls made to New Hampshire residents that were
described as containing negative content against United States

congressional candidate, Ann McLane Kuster.  Based on information obtained during the ensuing investigation, the AG concluded that: (1) the calls were made on behalf of the Bass Committee; (2) the callers asked questions about Kuster which implied or conveyed information about her character, status, or political stance or record; and (3) such calls were conducted in a manner that was likely to be construed by a voter to be a survey or poll to gather statistical data for entities or organizations which were acting independent of any political party, candidate, or interest group. The AG concluded that the Bass Committee thereby engaged in push-polling, as defined in RSA § 664:2, XVII, without disclosing that the calls were made on its behalf, as required under RSA § 664:16-a. The AG filed suit in Merrimack County Superior Court against the Committee, seeking statutory civil penalties for the violations.

The Bass Committee removed the case to federal court, asserting that the court has federal question jurisdiction because RSA § 664:16-a is completely preempted by the FECA to the extent it purports to apply to telephone polls paid for by federal candidates or their authorized campaign committees.  The AG has filed a motion for remand, arguing that the matter properly belongs in state court because the Committee's arguments regarding preemption could, at best, provide a defense in state court.

## II.  **STANDARD OF REVIEW**

"The removal statute, 28 U.S.C. § 1441, permits removal only where the district court could have exercised original jurisdiction over an action." Fayard v. Ne. Vehicle Servs., LLC, 533 F.3d 42, 45 (1st Cir. 2008); see Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  In other words, there must be either diversity of citizenship among the parties or a federal question in the claim. 28 U.S.C. §§ 1331, 1332.  The removing party "bears the burden of persuasion vis-à-vis the existence of federal jurisdiction." BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., 132 F.3d 824, 831 (1st Cir. 1997).

## III. **ANALYSIS**

In arguing for removal in this case, the Bass Committee asserts there is federal question jurisdiction because the FECA completely preempts the state statute the AG is seeking to enforce. Specifically, it contends that the FECA preempts the field of federal campaign expenditures, thereby blocking state regulation in this area, and that as a result, there is complete preemption. Because the Committee has confused the doctrines of ordinary and complete preemption, I begin by distinguishing between the two.

Complete preemption "is a short-hand for the doctrine that in certain matters Congress so strongly intended an exclusive federal

3

cause of action that what a plaintiff calls a state law claim is to be *recharacterized* as a federal claim." Fayard, 533 F.3d at 45. The doctrine is a narrow exception to the well-pleaded complaint rule, which provides that, absent diversity jurisdiction, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392; see Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.").

Complete preemption is a jurisdictional doctrine and is not to be confused with ordinary "defensive" preemption, which "may also be 'complete,' as where Congress 'occupies the field,' thereby blocking state regulation." Fayard, 533 F.3d at 45-46; see Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 272-73 & n.7 (2nd Cir. 2005) (distinguishing field preemption from complete preemption). Unlike complete preemption, which creates federal subject-matter jurisdiction over preempted state law claims, field preemption is a defense to a state law cause of action and cannot, by itself, be a basis for removal to federal court. Fayard, 533 F.3d at 45-46; see Caterpillar, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense

4

is anticipated in the plaintiff's complaint, and even if both
parties concede that the federal defense is the only question truly
at issue.").  Judge Posner aptly described the distinction between
field and complete preemption as follows:

> The question [] is whether the plaintiff seeks to base his
> claim on a body of state law that cannot be applied to his
> case without violating federal law, or on a body of federal
> law whose provenance he coyly refuses to acknowledge.  In
> the first situation the case is really a state case,
> blocked by a federal defense; in the second it is a federal
> case in state wrapping paper.

Graf v. Elgin, Joliet & E. Ry. Co., 790 F.2d 1341, 1344 (7th Cir.
1986).

To date, the Supreme Court has applied the complete preemption
doctrine only in three contexts.  See Beneficial Nat'l Bank, 539
U.S. 1 (usury claims against national banks); Metro. Life Ins. Co.
v. Taylor, 481 U.S. 58 (1987) (benefit claims under ERISA); Avco
Corp. v. Aero Lodge No. 735, 390 U.S. 557 (1968) (no-strike clause
of labor contract).  The First Circuit has articulated a two-pronged
test to determine when a federal statute completely preempts state
law: there must be (a) "exclusive federal regulation of the subject
matter of the asserted state claim," and (b) "a federal cause of
action for wrongs of the same type."  Fayard, 533 F.3d at 46.
Applying the standard in this case, I conclude that "the conditions
have not been met to authorize removal through the extreme and
unusual outcome of complete preemption."  Id. at 49.

Because the first prong of the Fayard test essentially asks whether there is field preemption and is therefore relevant to the merits of the preemption defense, I begin with the second prong. See Schmeling v. NORDAM, 97 F.3d 1336, 1343 (10th Cir. 1996) ("For reasons of comity and prudence, we first undertake the second inquiry, which potentially has less relevance to the merits of the case than does the first inquiry."). The question under the second prong is "whether federal law provides an exclusive substitute federal cause of action that a federal court (or possibly a federal agency) can employ for the kind of claim or wrong at issue." Fayard, 533 F.3d at 47. The presence of a federal cause of action is critical to the application of complete preemption because it "allows the state claim to be transformed into a federal one." Id. at 46.

Here, the AG seeks civil penalties authorized under a state statute for violations of the state push-polling law. See N.H. Rev. Stat. Ann. §§ 664:16-a, 664:21, VI. There is no counterpart federal cause of action that the AG could have brought under the FECA. The Act neither expressly nor impliedly authorizes a state or a private party to sue for violations. It provides that "the power of the [Federal Election] Commission to initiate civil actions . . . shall be the exclusive civil remedy for the enforcement of the provisions of this Act." 2 U.S.C. § 437d(e). A person who believes that a

violation of the FECA has occurred is limited to filing a complaint
with the FEC and may seek judicial review of the FEC's dismissal of,
or failure to act on, the complaint.  2 U.S.C. §§ 437g(a)(1), (8).
A court may determine that the FEC acted contrary to law and order
the agency to pursue the complaint.  Id. § 437g(a)(8).  Only in the
rare instance where the agency fails to obey the court order could
the complainant bring a civil action directly against the alleged
violator.  Id.  As the Ninth Circuit has concluded, the terms of the
statute thus make clear that the FECA does not authorize private
suits for damages.  Nat'l Comm. of the Reform Party of the U.S.A. v.
Democratic Nat'l Comm., 168 F.3d 360, 364 (9th Cir. 1999).
Moreover, "there is no authority supporting Congress' intention to
have anyone other than the [federal] government enforce the Act."
Id. (citing F.E.C. v. Nat'l Conservative Political Action Comm., 470
U.S. 480, 489 (1985)).

        The existence of a federal agency enforcement mechanism – here
the FEC's right to sue under the Act – does not convert the AG's
state cause of action into a federal one.[1]  See Schmeling, 97 F.3d

---

[1] The Fayard court did leave open the possibility that relief
obtainable through a federal agency could trigger complete
preemption.  See 533 F.3d at 47 & n.5.  Other circuits that have
considered this possibility have suggested that the federal cause of
action requirement could be satisfied only when the agency has the
power to adjudicate disputes between private parties and to provide
a remedy to an injured party.  See, e.g., Hughes v. United Air
Lines, Inc., 634 F.3d 391, 395 (7th Cir. 2011) (noting that
administrative process would be a sufficient federal remedy in the

at 1344 (holding that complete preemption did not apply because the federal statute expressly provided that the agency had the sole power to enforce its provisions, thereby precluding private causes of action); Davis v. Vitter, No. Civ. A. 04-1107, 2005 WL 840480, at *2 (E.D. La. Mar. 31, 2005) (noting that the FEC has the exclusive jurisdiction to enforce the FECA and concluding that complete preemption does not apply because "Plaintiff could not file suit against Defendants under [the FECA] and the statute does not give rise to his cause of action."); see also Hobbs v. Blue Cross Blue Shield of Ala., 276 F.3d 1236, 1240 (11th Cir. 2001) ("Under the doctrine of complete preemption, a plaintiff must have standing to sue under [the] relevant [federal statute] before a state law claim can be recharacterized as arising under federal law[.]"); Harris v. Providence Life & Accident Ins. Co., 26 F.3d 930, 933 (9th Cir.

---

context of the National Labor Relations Act, which provides that only the National Labor Relations Board can adjudicate disputes about unfair labor practices); Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1245 (9th Cir. 2009) (noting that the Railway Labor Act provides that disputes between airlines and their employees must be submitted to the National Adjustment Board as opposed to permitting a private cause of action, and concluding that complete preemption cannot exist); Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 276 (2nd Cir. 2005) (same); Utley v. Varian Assocs., Inc., 811 F.2d 1279, 1283 (9th Cir. 1987) (noting that agency enforcement initiated by employee complaints can include an award of back pay from a federal government contractor but finding no complete preemption because the mechanism is nonjudicial).  Here, the agency cannot provide any private remedy.  In responding to a complaint that a violation of the FECA has occurred, the FEC can do no more than use its enforcement powers to correct or prevent a violation.  See 2 U.S.C. § 437g.

1994) (same).  Nor is it sufficient that private parties who file
administrative complaints with the FEC can obtain judicial review of
the agency's actions.  A suit to contest agency action is not a
substitute for a state cause of action against a private party
because it does not "vindicate[e] the same interest the
[plaintiff's] state law causes of action seeks to vindicate."
Goepel v. Nat'l Postal Mail Handlers Union, 36 F.3d 306, 312 (3d
Cir. 1994); see Utley v. Varian Assocs., Inc., 811 F.2d 1279, 1283
(9th Cir. 1987) (availability of judicial review under the
Administrative Procedure Act insufficient federal remedy for the
purpose of complete preemption); Little v. Purdue Pharma, L.P., 227
F. Supp. 2d 838, 859 (S.D. Ohio 2002) (same); Dawson ex rel.
Thompson v. Ciba-Geigy Corp., USA, 145 F. Supp. 2d 565, 572 (D.N.J.
2001) (same).

    This case, then, is unlike the cases where the Supreme Court
has found complete preemption, where "[i]t was clear that, had
petitioner invoked it, there would have been a federal cause of
action." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation
Trust for S. Cal., 463 U.S. 1, 23 (1983).  Absent a federal cause of
action that would replace the AG's state claim, there is no complete
preemption.  At the very least, "defendant[], who bear[s] the burden
of showing that removal was proper, [has] not demonstrated that the
[federal law] provides such a cause of action." Fayard, 533 F.3d at

48 (internal citations omitted).  Accordingly, the case is not removable to federal court.  I note that nothing prevents the Bass Committee from asserting a preemption defense in state court.  I have faith that the state court will fulfill its constitutional duty to enforce federal law.


## IV.  CONCLUSION

For the foregoing reasons, the AG's motion for remand (Doc. No. 5) is granted.  The case is remanded to Merrimack County Superior Court.

SO ORDERED.

                              /s/Paul Barbadoro
                              Paul Barbadoro
                              United States District Judge


July 10, 2012

cc:  Anne M. Edwards, Esq.
     Benjamin T. King, Esq.